IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LIZETTE C.,** | ) |
| | ) No. 21 C 3517 |
| **Plaintiff,** | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| **KILOLO KIJAKAZI, Acting** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Lizette C. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On January 23, 2019, plaintiff applied for benefits, alleging a disability onset date of May 1, 2018. (R. 61-62.) Her application was denied initially, on reconsideration, and after a hearing. (R. 13-29, 70, 82.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts,

the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 15.) At step two, the ALJ found that plaintiff has the severe impairments of interstitial cystitis, stress incontinence, frequent urinary tract infections, and migraine headaches. (*Id.*) At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a listed impairment. (R. 19.) At step four, the ALJ found that plaintiff has the RFC to perform her past relevant work as a cosmetologist, and thus was not disabled. (R. 19-29.)

As an initial matter, plaintiff argues that the statute governing the removal of the Commissioner of SSA is unconstitutional, citing *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020). In *Seila*, the Supreme Court held that "the CFPB's leadership by

a single individual removable only for inefficiency, neglect, or malfeasance violates the separation of powers." *Id.* at 2197. The SSA, like the CFPB, is headed by a single Commissioner "[who] may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance." 42 U.S.C. § 902(a)(3). Plaintiff argues that the removal provision governing the SSA Commissioner, like that governing the Director of the CFPB, is unconstitutional, and that flaw requires her application to be remanded.

*Seila* does not, however, support plaintiff's claim. Though the *Seila* Court noted that the removal provisions for the Director of the CFPB and the Commissioner of the SSA were similar, it expressly distinguished the latter from the former: "[U]nlike the CFPB, the SSA lacks the authority to bring enforcement actions against private parties . . . . [and] [i]ts role is largely limited to adjudicating claims for Social Security benefits." 140 S. Ct. at 2202 (2020). Moreover, even if *Seila* rendered unconstitutional the statute governing removal of the SSA Commissioner, plaintiff would be entitled to a remand only if she were harmed by the unconstitutional statute, *Collins v. Yellen*, 141 S. Ct. 1761, 1788-89 (2021), a showing plaintiff has not made. Accordingly, the alleged unconstitutionality of the provision for removing the Commissioner of SSA is not grounds for remanding plaintiff's claim.

Plaintiff also argues that the ALJ's RFC assessment was flawed because, inter alia, it does not contain any limitations related to her migraines. The Court agrees. The ALJ found that plaintiff's migraines were a severe impairment (R. 15), *i.e.*, they "significantly limit[] [plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). However, the ALJ did not include any limitations in the RFC to address the migraines. As the court in *Desiree B. v. Saul* explained:

> "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes

limitations, and an impairment that imposes no limitations is not severe." *Pickens v. Berryhill*, 2019 WL 1219707, at *2 (E.D. Ark. Mar. 15, 2019); *see also, Mullin v. Colvin*, 2016 WL 2865366, at *3 (N.D. Ill. May 17, 2016) (remanding where ALJ found a severe impairment yet imposed no related limitations, failing to adequately explain "how Plaintiff's hand impairments could 'significantly limit' his work abilities in her step two findings and, at the same time, have no impact on his capacity for work in her RFC finding"); *Amy L. v. Saul*, 2019 WL 4600262, at *5 (D. Minn. Sept. 23, 2019) (same). . . .

No. 18-CV-8129, 2019 WL 6130814, at *3 (N.D. Ill. Nov. 19, 2019); *see Givens v. Astrue*, 251 F. App'x 561, 567 (10th Cir. 2007) ("A further error occurred when, having found Ms. Givens' depression 'severe' at step two—a determination virtually compelled by the evidence—the ALJ failed to consider or include any mental limitation in his RFC analysis."); *Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991) (if a "mental impairment is considered to be severe, it must be included in the residual functional capacity assessment"). Having characterized plaintiff's migraines as a severe impairment, the ALJ was required to include limitations for them in the RFC. Because she failed to do so, the case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [19], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**           **ENTERED:  August 16, 2022**

 

 

**M. David Weisman**
**United States Magistrate Judge**